**Ilirian LACI, Petitioner,**

v.

**Alberto R. GONZALES,\* Respondent.**

**No. 04–4364–AG.**

United States Court of Appeals, Second Circuit.

Jan. 23, 2006.

Charles Christophe, New York, New York, for Petitioner.

M. Scotland Morris, Assistant United States Attorney, Criminal Division, (Paul I. Perez, United States Attorney for the Middle District of Florida; Karin B. Hoppmann, Assistant United States Attorney, Appellate Division, on the brief) Jacksonville, Florida, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. CHESTER J. STRAUB, and Hon. SONIA SOTOMAYOR, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED AND

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for for-

mer Attorney General John Ashcroft as the respondent in this case.

DECREED that the petition for review is DENIED.

Petitioner Ilirian Laci, a citizen of Albania, through counsel, petitions for review of an order of the BIA entered on August 2, 2004, affirming a June 4, 2003 decision of an immigration judge ("IJ") in "asylum only" proceedings. The IJ rejected the petitioner's application for asylum, withholding of removal, and relief under Article 3 of the United Nations Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

There appears to be some question as to whether this court has jurisdiction to hear a petition seeking review of "asylum only" proceedings. We need not resolve this issue, because even if we were to assume jurisdiction, *see Fama v. Commissioner of Corr. Servs.*, 235 F.3d 804, 817 n. 11 (2d Cir.2000), we would deny Laci's petition as without merit.

When, as here, the BIA summarily affirms the IJ's decision, we may review the IJ's decision rather than that of the BIA. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000).

The IJ's adverse credibility findings, relating principally to inconsistencies between Laci's airport statement and his hearing testimony, as well as the government's consulate report indicating that a hospital report that Laci had submitted as evidence was fraudulent, were supported by substantial evidence. *See Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir. 2003) (per curiam). Further, contrary to Laci's claim, it was not fundamentally unfair for the IJ to admit into evidence the consulate report discrediting Laci's purported discharge summary. In light of the foregoing, Laci failed to satisfy his burden of proving entitlement to asylum. *See id.*

Laci failed to exhaust his claims for withholding of removal and CAT relief because he did not raise them before the BIA. "Section 1252(d)(1) of Title 8 of the United States Code provides, in pertinent part, that federal courts 'may review a final order of removal only if ... the alien has exhausted all administrative remedies available to the alien as of right.'" *Gill v. INS.* 420 F.3d, 82, 85 (2nd Cir.2005) (quoting 8 U.S.C. § 1252(d)(1)). "Statutory exhaustion requirements such as § 1252(d)(1) are mandatory and courts are not free to dispense with them." *Foster v. INS*, 376 F.3d 75, 77 (2d Cir.2005) (internal quotation marks omitted). This Court has explained that "§ 1252(d)(1) bars the consideration of bases for relief that were not raised below, and of general issues that were not raised below, but not of specific, subsidiary legal arguments or arguments by extension, that were not made below." *Gill*, 420 F.3d at 86.

We have considered all of the petitioner's claims and find them to be without merit. The petition for review is therefore DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.